### SUTTON vs. CLARK.

The provision of the act to regulate practice at law, which authorizes the court to try issues of fact where neither party requires a jury, applies only to cases in which both parties appear in court.

### ERROR to St. Louis Circuit Court.

LANGTON, for Plaintiff in error.

On the part of the plaintiff in error, it is contended that the judgment below should be reversed because the issues which were joined to the country, were tried by the court without the consent of the defendant. This is against the legal and constitutional right of the defendant, and the trial *de facto* having been had, *ex parte*, makes no difference.   The record shews that there was a verdict by the court, and judgment upon said verdict.

The replications of the defendant that the husband lived apart from defendant, without denying the coverture, present no such legal points as will, in law, support the judgment rendered in the case.

NAPTON, J. delivered the opinion of the court.

This was a petition to foreclose a mortgage.   The defendant pleaded that she did not undertake and promise, as the plaintiff alledged, &c.,

and secondly that she was, and still is the wife of John Sutton. The plaintiff replied to the second plea of coverture, four replications, not material to be noticed here. At the July term, 1845, the plaintiff appeared by attorney, and not requiring a jury, the issue of non-assumpsit was found by the court, and a judgment of *nil dicit* being given on the replications, the court assessed damages, &c. This case is precisely within the principle of Pratte and Cabanne vs. Corl, 9 M. R. p. 164, in which it was held that the provision of the practice act, which authorizes the courts to try issues of fact where neither party requires a jury, is only applicable where both parties are present, and in a situation to make an election.

The judgment must be reversed, and the cause remanded.